# EXHIBIT A

Maricopa County Justice Courts

Related Links          -- Select Link -- ▼

Home   Find a Case   Case Types   Case Tools   Forms   Find a Judge   Locations



## CASE TOOLS

Case History

Court Calendar

Court Locations

Find a Case

Traffic Violations

## JUSTICE COURTS CASE INFORMATION - CASE HISTORY

**Disclaimer: The information on this website is not the official court record. Please contact the court for the official record. In no event shall the Maricopa County Justice Courts be liable for damages of any nature arising out of your use or inability to use this website.**

<< return to previous page

### Case Information

| | | | |
|---|---|---|---|
| Case Number: | CC2017-071316 | Judge: | Reagan, Michael |
| File Date: | 4/19/2017 | Location: | McDowell Mountain Justice Court |
| Case Type: | Justice Civil | Case Status: | 01 - New Case |

### Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Amberly Nealer | Plaintiff | N/A | Kevin McCarthy |
| Michael Nealer | Plaintiff | N/A | Kevin McCarthy |
| Wells Fargo Bank, National Association | Defendant | N/A | Pro Per |
| Trans Union LLC | Defendant | N/A | Pro Per |

### Disposition Information
There are no disposition notes on file
### Case Calendar
There are no calendar events on file

### Events

| Event Type | Sub Type | Judge | Result | Result Date |
|---|---|---|---|---|
| Affidavit of Service | Private Process | Reagan | Served | 4/26/2017 |
| Affidavit of Service | Private Process | Reagan | Served | 4/26/2017 |

### Judgments
There are no judgments on file

Case Types | Court Forms | Find a Case | Court Calendars | Judges
Copyright © 2011 Maricopa County Justice Courts | Legal | Disclaimer



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

MC4 / ALL
**Transmittal Number: 16567110**
**Date Processed: 04/28/2017**

**Primary Contact:**   Daniel Halvorsen
Trans Union LLC
555 W. Adams Street
Chicago, IL 60661-3601

| | |
|---|---|
| **Entity:** | Trans Union LLC<br>Entity ID Number  1884665 |
| **Entity Served:** | Trans Union LLC |
| **Title of Action:** | Amberly Nealer vs. Wells Fargo Bank, National Association |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | McDowell Mountain Justice Court, Arizona |
| **Case/Reference No:** | CC2017071316RC |
| **Jurisdiction Served:** | Arizona |
| **Date Served on CSC:** | 04/26/2017 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Devan E. Michael<br>602-456-8900 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**MᴄCᴀʀᴛʜʏ  Lᴀᴡ  PLC**
ᴄᴀɴᴅɪᴅ ᴄᴏɴᴠᴇʀsᴀᴛɪᴏɴ. ᴡɪsᴇ ᴄᴏᴜɴsᴇʟ.

Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251
602-456-8900
Devan.michael@mccarthylawyer.com
Attorneys for Plaintiff

MᴄDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 APR 19 AM 9: 49

## MᴄDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

AMBERLY NEALER and MICHAEL NEALER,

     Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL ASSOCIATION AND TRANS UNION LLC,

    Defendants.

Case No.: CC2017071316RC

**SUMMONS**

**STATE OF ARIZONA TO:**

    **WELLS FARGO BANK, NATIONAL ASSOCIATION**
    S/A: CORPORATION SERVICE COMPANY
    2338 WEST ROYAL PALM ROAD SUITE J
    PHOENIX, ARIZONA 85021

    **TRANS UNION LLC**
    S/A: PRENTICE-HALL CORP SYSTEM
    2338 WEST ROYAL PALM ROAD SUITE J
    PHOENIX, ARIZONA 85021

### THE STATE OF ARIZONA TO THE ABOVE-NAMED DEFENDANT(S):

1. YOU ARE SUMMONED to respond to this complaint by filing a written ANSWER with this Court and by paying the required fee. If you cannot afford to pay the required fee, you may request that the Court either waive or defer the fee.

2. If you were served with this summons in the State of Arizona, the Court must receive your answer within twenty (20) calendar days from the date you were served. If you were served outside

MᴄCᴀʀᴛʜʏ Lᴀᴡ, PLC
4250 N. Dʀɪɴᴋᴡᴀᴛᴇʀ Bʟᴠᴅ
Sᴜɪᴛᴇ 320
Sᴄᴏᴛᴛsᴅᴀʟᴇ, Aʀɪᴢᴏɴᴀ 85251
602-456-8900
ᴡᴡᴡ.MᴄCᴀʀᴛʜʏʟᴀᴡʏᴇʀ.ᴄᴏᴍ

Nealer v. Wells Fargo Bank et al       1       COMPLAINT

1  the State of Arizona, the Court must receive your answer within thirty (30) calendar days from the

2  date you were served. If the last day is a Saturday, Sunday, or legal holiday, you will have until the

3  next working day to file your answer. When calculating time, do not count the day you were served

4  with the summons.

5  3. Your answer must be in writing.

6      (a) You may obtain an answer form from this Court.

7      (b) You may also obtain an answer form from the Form section of the Maricopa County

8  Justice Courts website at http://justicecourts.maricopa.gov.

9  4. Provide a copy of your answer to the Plaintiff(s) or to the Plaintiff's attorney in accordance with

10  JCRCP Rule 120.

11  5. **IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THIS COURT WITHIN THE**

12  **TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST**

13  **YOU.**

14  The name and address of Plaintiffs' attorneys are:

15          Kevin Fallon McCarthy, Esq.

16          Devan E. Michael, Esq.
           McCARTHY LAW PLC

17          4250 North Drinkwater Boulevard, #320
           Scottsdale, Arizona 85251

18

19  SIGNED AND SEALED this date: _____APR 1 9 2017_____.

20          By: _Michael R Lazane_

21          Deputy Clerk

22  **NOTICE TO THE DEFENDANT: A LAWSUIT HAS BEEN FILED AGAINST YOU IN**
   **JUSTICE COURTS**

23  You have rights and responsibilities in this lawsuit. Read this notice carefully.

24

25  1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by an officer of the corporation,

26  and a limited liability company ("LLC") may be represented by a managing member. A corporation or an LLC may also be represented by an attorney. If you represent yourself, you have the responsibility to

27  properly complete your court papers and to file them when they are due. The clerks and staff at the court

McCARTHY LAW, PLC
4250 N. DRINKWATER BLVD
SUITE 320
SCOTTSDALE, ARIZONA 85251
602-456-8900
WWW.MCCARTHYLAWYER.COM

Nealer v. Wells Fargo Bank et al        2        COMPLAINT

are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at http://www.azcourts.gov/, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint in writing and within twenty (20) days from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of-state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, on the Maricopa County Justice Court website at http://justicecourts.maricopa.gov/, and on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

McCarthy Law, PLC
4250 N. Drinkwater Blvd
Suite 320
Scottsdale, Arizona 85251
602-456-8900
www.McCarthyLawyer.com

Nealer v. Wells Fargo Bank et al                3                COMPLAINT

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 APR 19  AM 9: 49

**MCCARTHY** LAW **PLC**

CANDID CONVERSATION, WISE COUNSEL

**Kevin Fallon McCarthy, 011017**
**Devan E. Michael, 032803**
**4250 North Drinkwater Blvd, Suite 320**
**Scottsdale, AZ 85251**
**602-456-8900**
**Devan.michael@mccarthylawyer.com**
**Attorneys for Plaintiff**

## McDOWELL MOUNTAIN JUSTICE COURT
## MARICOPA COUNTY, STATE OF ARIZONA
### 18380 NORTH 40TH STREET, PHOENIX, ARIZONA 85032

Case No.: CC201707131bRC

AMBERLY NEALER and MICHAEL
NEALER,

      Plaintiffs,

v.

WELLS FARGO BANK, NATIONAL
ASSOCIATION AND TRANS UNION LLC,

      Defendants.

**COMPLAINT FOR VIOLATION OF**
**FAIR CREDIT REPORTING ACT (15**
**U.S.C. § 1681 *et seq.*)**

    **COMES NOW** Plaintiffs, AMBERLY NEALER and MICHAEL NEALER ("Plaintiffs"),

by and through counsel undersigned, and for its cause of action against the Defendants above-

named allege as follows:

    1.    That, on information and belief, Defendant WELLS FARGO BANK, NATIONAL

ASSOCIATION ("WELLS FARGO") is, and at all times relevant hereto was, a corporation

registered with the Arizona Corporation Commission as a Foreign Corporation doing business in

Arizona and has designated the following registered statutory agent: CORPORATION SERVICE

COMPANY, 2338 WEST ROYAL PALM ROAD, SUITE J, PHOENIX, ARIZONA 85021.

    2.    That, on information and belief, Defendant WELLS FARGO is, and at all times

relevant hereto was, regularly doing business in the State of Arizona.

    3.    That, on information and belief, Defendant TRANS UNION LLC. ("TRANS

UNION") is a credit reporting agency, as defined by 15 U.S.C. § 1681a(f), licensed to do business

in Arizona and has designated the following registered statutory agent: PRENTICE-HALL CORP

SYSTEM, 2338 WEST ROYAL PALM ROAD, SUITE J, PHOENIX, ARIZONA 85021.

4.     That, on information and belief, Defendant TRANS UNION is, and at all times relevant hereto was, regularly doing business in the State of Arizona.

5.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA") and that personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Arizona.

6.     That Plaintiffs are consumers and victims of inaccurate reporting by Defendants, and have suffered particularized and concrete harm.

7.     On or about November 14, 2014, Defendant WELLS FARGO issued a 1099-C, "Cancellation of Debt," for Plaintiffs' Wells Fargo credit card account ending in 9139-8795 ("Account"). That the Account is in Plaintiff MICHALE NEALER's name, but is also reporting on Plaintiff AMBERLY NEALER's consumer credit reports.

8.     The 1099-C cancelled the principal balance owed, excluding interest and fees.

9.     The Identifiable Event Code on the 1099-C is marked "G".

10.    Code "G" on a 1099-C represents that the creditor has made a decision or policy to discontinue collection of the debt and cancel the debt.

11.    Subsequently, Defendant WELLS FARGO submitted a tax form 1099-C to the Internal Revenue Service ("IRS") for the cancellation of the debt owed to Defendant WELLS FARGO.

12.    As a result, Plaintiffs were obligated to pay taxes on the cancelled debt.

13.    That Defendant WELLS FARGO still reported a balance on the Account, inclusive of interest and fees, on Plaintiffs' consumer credit reports.

14.    That Defendant TRANS UNION is willfully reporting derogatory and inaccurate information about Plaintiffs to third-parties.

15.    On February 21, 2017, Plaintiffs sent individual, written dispute letters, with supportive documentation, to Defendant TRANS UNION regarding the accuracy of the derogatory information reported by Defendant TRANS UNION.

16.     That Defendant WELLS FARGO willfully failed to correct the inaccurate reporting of the Account to Defendant TRANS UNION in violation of 15 U.S.C. § 1681s-2 and to the detriment of the consumer Plaintiffs.

17.     That Defendant TRANS UNION failed to correct the inaccurate reporting of the Account in violation of 15 U.S.C. § 1681i and to the detriment of the consumer Plaintiffs.

18.     That Defendant TRANS UNION willfully failed to maintain reasonable procedures to assure maximum accuracy of the information contained in Plaintiffs' consumer credit reports, in clear violation of 15 U.S.C. § 1681e.

19.     The foregoing acts and omissions of the Defendants WELLS FARGO and TRANS UNION constitute unacceptable violations of the FCRA.

20.     As a result of the foregoing, Plaintiffs have suffered damages in an amount to be shown at trial not exceeding $10,000.00.

**WHEREFORE**, Plaintiffs seek a reasonable and fair judgment against Defendants WELLS FARGO and TRANS UNION for willful noncompliance of the Fair Credit Reporting Act, and seek their statutory remedies as defined by 15 U.S.C. § 1681n and demand:

1.  Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation, per Plaintiff;

2.  Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendants' willful violation;

3.  The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiffs pursuant to 15 U.S.C. § 1681n(a)(3); and

4.  Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this 14th day of April, 2017.

MCCARTHY LAW, PLC

By: 

Devan E. Michael, Esq.
Kevin F. McCarthy, Esq.
Attorneys for Plaintiff

1

**McCarthy** **Law** **PLC**
Candid Conversation. Wise Counsel.

2   Kevin Fallon McCarthy, 011017
Devan E. Michael, 032803

3   4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ 85251

4   602-456-8900
Devan.michael@mccarthylawyer.com

5   Attorneys for Plaintiff

McDOWELL MOUNTAIN
JUSTICE COURT
FILED

17 APR 19  AM 9: 50

6

**McDOWELL MOUNTAIN JUSTICE COURT**
**MARICOPA COUNTY, STATE OF ARIZONA**

7   18380 North 40th Street, Phoenix, Arizona 85032

8   AMBERLY NEALER and MICHAEL
NEALER,

9        Plaintiffs,

10   v.

11   WELLS FARGO BANK, NATIONAL
ASSOCIATION AND TRANS UNION

12   LLC,

13        Defendants.

Case No.: CC2017071316RC

**INITIAL DISCOVERY SET TO**
**TRANS UNION LLC**

14

15        Plaintiffs, AMBERLY NEALER and MICHAEL NEALER, give notice of service upon

16   and request that Defendant individually respond to the following interrogatories, requests for

17   production, and requests for admission within sixty (60) days of service.

18   <u>**PREFATORY INSTRUCTIONS TO INTERROGATORIES**</u>

19        The Justice Court Rules of Civil Procedure allow a party to send up to forty (40)
interrogatories to another party. An interrogatory is a written question that is sent by a party to

20   another party that must be answered in writing and under oath by the party to whom the
interrogatory is sent. If you do not answer an interrogatory because you object to the interrogatory,

21   you must state a reason for your objection.

22        Provide your answers in the space directly below each question. If there is not enough space
for your answer to a particular question, you may continue on a blank page by including the

23   question above your answer. After you have completed your response to the interrogatories, you
must sign on the last page to affirm that you have truthfully answered the questions and that you

24   have a good faith basis for any objections that you may have made. You must provide your original
answers to interrogatories to the party who sent them to you, and you must provide a copy to every

25   other party in the lawsuit.

26        Your response to these interrogatories is due forty (40) days after they have been served
on you, unless the interrogatories were served with the summons and complaint, in which case

27   your response is due within sixty (60) days after the date of service, or unless otherwise ordered by
the court. If you do not answer these interrogatories by the date provided in this notice, the party

28   who served them may file a motion asking that the court order you to answer them. If the court
enters that order, the court may also require you to pay expenses, including attorneys' fees incurred

by the other party in obtaining the order. If you fail to comply with the order, the other party may ask the court to impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

All information is to be divulged which is in the possession of the individual or corporate party, his attorneys, investigators, agents, employees, or other representatives of the named party.

When an individual interrogatory calls for an answer that involves more than one party, each part of the answer should clearly set out so that it is understandable.

## DEFINITIONS

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

(a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

(b)     the author or sender of the document;

(c)     the recipient of the document;

(d)     the date the document was authored, sent, and/or received; and

(e)     the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity,

address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed;

(b) all addresses used; and

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## **NON UNIFORM INTERROGATORIES**

**INTERROGATORY NO. 1:** Please identify the names, addresses, and telephone numbers of all persons who supplied information responsive to these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the names, addresses, and telephone numbers of all persons who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, anticipated answer and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge.

**ANSWER:**

**INTERROGATORY NO. 3:**  Please identify all correspondence or documents that refer or relate to any correspondence or communication between you and any other person relating or referring to the facts, acts, events, or matters alleged in Plaintiff's complaint, or your answer, anticipated answer and/or defenses thereto.

**ANSWER**:

**INTERROGATORY NO. 4:**  Please identify each person whom you may call as a witness at trial including name, address, and telephone number, and the substance of the facts and opinions to which the witness may testify.

**ANSWER**:

**INTERROGATORY NO. 5:**   Please list, explain and describe documents known to you or believed by you to exist concerning the events described in Plaintiff's complaint or concerning any event which is the subject of any defense you have raised to this lawsuit.

**ANSWER**:

**INTERROGATORY NO. 6:**  Please identify each employee or non-employee witness or expert witness you believe may have formed any opinion or consulted with you about the facts or basis of this lawsuit or any defense or allegation you have raised in this lawsuit. For each such person identified, please list each and every lawsuit in which that person has testified by affidavit, deposition, trial testimony, or by report furnished to the court or opposing counsel. Please explain and describe the nature of each such statement by the person so identified. Please identify the

1  lawsuit by complete caption, court name, cause number, and date the affidavit, deposition, trial

2  testimony, or report was made, taken or occurred.

3  **ANSWER**:

4

5

6  **INTERROGATORY NO. 7:**  Please identify all individuals known to you or your attorney who

7  are not witnesses, but who you have reason to believe have knowledge pertinent to the events at

8  issue as alleged in the pleadings, and provide a brief summary of the facts to which each such

9  person could testify. For each person, please state the following:

10          a.       Please state whether each such person is affiliated with, or related

11          to, or employed by any party (or its agents, servants, officers, or employees)

12          to this lawsuit;

13          b.       If any of the persons so listed in response to this interrogatory do not

14          fit the characterization in subpart (a) above, please describe the nature of

15          their involvement in this lawsuit;

16          c)       Please explain and describe your understanding of their knowledge

17          of such facts.

18  **ANSWER**:

19

20

21  **INTERROGATORY NO. 8:**  Please state whether any of the individuals listed in the answers to

22  the preceding interrogatories have given any statement[s] to you and, if so, please identify the

23  individual giving the statement, identify the individual to whom the statement was given, the date

24  of the statement, and whether or not the statement was written or recorded and, if it was written or

25  recorded, identify the individual presently in possession of such writing or recording.

26  **ANSWER**:

27

28

1   **INTERROGATORY NO. 9:**  Please list each exhibit which you may attempt to introduce as

2   evidence at the trial of this case, or which has been used or referred to by any witness, expert or

3   lay, on your behalf.

4   **ANSWER:**

5

6

7   **INTERROGATORY NO. 10:** For each paragraph of Plaintiff's complaint which you deny the

8   allegations, please explain and describe any facts which you believe support each denial.

9   **ANSWER:**

10

11

12   **INTERROGATORY NO. 11:**  Please explain and describe when, how and under what

13   circumstances you archive, retain or capture account data in any file bearing any of Plaintiffs'

14   personal identifiers. List the archived data files and reports wherein any personal information about

15   Plaintiff or attributed to any of Plaintiff's personal identifiers, including the date such data was

16   captured, retained and/or archived, who has possession of those reports, the manner in which the

17   reports are maintained, and the retention policy[ies] regarding those reports. This request includes

18   your normal data file retention processes.

19   **ANSWER:**

20

21

22   **INTERROGATORY NO. 12:**  Please explain and describe when and how you transmit account

23   data stored in any file bearing any of Plaintiff's personal identifiers to any Consumer Reporting

24   Agency ("CRA").

25

26   **ANSWER:**

27

28

1  **INTERROGATORY NO. 13:**   Please explain and describe any disputes you received from

2  Plaintiff or concerning Plaintiff and explain and describe your actions and disposition of your

3  actions in connection with each contact or communication.

4  **ANSWER:**

5

6

7  **INTERROGATORY NO. 14:**   Please explain and describe each Consumer Dispute Verification

8  or Automated Consumer Dispute Verification ("CDV" or "ACDV" respectively) communication

9  or other dispute communication you issued to any furnisher of credit information which pertained

10  to Plaintiff or any of his/her personal identifiers. For each such CDV, ACDV or other dispute

11  communication, please identify the person reporting such dispute, state the date the dispute was

12  received and the date you issued any response, explain and describe the dispute conveyed, and fully

13  explain and describe your response[s] on each such occasion.

14  **ANSWER:**

15

16

17  **INTERROGATORY NO. 15:**   Please list, explain and describe each and every code contained in

18  each reinvestigation record and file and retained computer record and screen/file you generated

19  and accessed regarding Plaintiff. For each such code, please also explain and describe, in detail,

20  the purpose of such code, the content of such action, the duration of such action, and the reason

21  you permitted such action or entry.

22  **ANSWER:**

23

24

25

26  **PREFATORY INSTRUCTIONS TO REQUEST FOR PRODUCTION**

27       The Justice Court Rules of Civil Procedure allow a party to request from another party up

28  to ten (10) documents or items, or up to ten (10) categories of documents or items. If you do not

produce a document or a category of documents or items because you object to a specific request,

1   you must state a reason for your objection. A party may also request to enter on to designated land or other property to inspect it, or to take measurements, photographs, or samples.

2      A party who produces documents must provide them as they are kept in the usual course of

3   business, or they must organize and label them in response to the requests. Electronic documents or electronic records must be produced in the format that has been requested or in the format that the electronic documents or records are usually kept.

4      You must provide your original response to requests under this rule to the party who sent

5   them to you, and you must provide a copy to every other party in the lawsuit. Your response to requests made under this rule is due forty (40) days after the requests have been served on you,

6   unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or unless otherwise ordered by the court. If you

7   do not comply with the requests that have been made in this notice, the party who served them may

8   file a motion asking that the court order you to comply. If the court enters that order, the court may also require you to pay expenses, including reasonable attorneys' fees, incurred by the other party

9   in obtaining the order. If you fail to comply with the order, the other party may ask the court to

10  impose additional penalties against you, including: that you may not introduce evidence of some or all or your claims or defenses in this lawsuit; if you are a Plaintiff, that your lawsuit be dismissed; or if you are a defendant, that judgment be entered against you by default.

11

12     Each of the above-named parties is to produce for inspection and copying all documents in their possession or control or otherwise available to it/them that is/are responsive to the requests

13  contained in the numbered paragraphs below. Each of the above-named parties shall specify which documents are produced in response to each of the numbered paragraphs.

14

15     If any document herein requested was formerly in the possession, custody, or control of each of the above-named parties and has been lost or destroyed, each of the above-named parties

16  is requested to submit in lieu of each document a written statement which:

17     1. Describes in detail the nature of the document and its contents; AND

18     2. Identifies the person who prepared or authored the document and, if applicable, the person(s) to whom the document was sent; AND

19

20     3. Specifies the date on which the document was prepared or transmitted or both; AND

21     4. Specifies, if possible the date on which the document was lost or destroyed, and, if destroyed, the conditions or the reasons for such destruction and the persons requesting and performing the destruction.

22

23     If any document otherwise required to be produced by this request is withheld on the grounds of privilege or otherwise, you shall identify the document by document control number if

24  available, or other sufficient information to identify the document and the reasons for the non-disclosure.

25

26     This request for production of documents is continuing and any document obtained or located subsequent to production, which would have been produced, had it been available or its existence known at the time is to be supplied forthwith.

27

28                          **DEFINITIONS**

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph" as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

      (a)    the nature of the document (e.g., letter, memorandum, contract, etc.);

      (b)    the author or sender of the document;

      (c)    the recipient of the document;

      (d)    the date the document was authored, sent, and/or received; and

      (e)    the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

      (a) any and all names, legal, trade or assumed; AND

      (b) all addresses used; AND

1

        (c) all telephone and tele-fax numbers used.

2

3

        "Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

4

5

        "Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

6

7

8

9

        The term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

10

## **REQUESTS FOR PRODUCTION**

11

**REQUEST NO. 1:**  Please produce a copy of all documents or computerized records, kept in any

12

form or manner, known to you or believed by you to exist concerning any of the events described

13

in Plaintiff's Complaint or concerning any of the events which are the subject[s] of any allegations,

14

defense[s] or contentions you have raised to this lawsuit or in connection with this lawsuit.

15

**ANSWER:**

16

17

18

**REQUEST NO. 2:**  Please produce a complete and legible copy, transcription and summary of

19

any statement[s], in any recorded format, provided to you or your attorneys in connection with any

20

of the facts, asserted by any person, in this lawsuit and, if the witness produce any tangible item,

21

please produce that item for inspection and copying at the time of your responses or produce a copy

22

of that item with your responses.

23

24

**ANSWER:**

25

26

27

**REQUEST NO. 3:**

28

1  Please produce a complete and legible copy of each exhibit which you may attempt to introduce as

2  evidence at the trial of this case.

3  **ANSWER:**

4

5

6  **REQUEST NO. 4:**  For each paragraph of Plaintiff's petition for which you deny the allegations,

7  please provide a copy of any evidence or proof which you believe may support each denial.

8  **ANSWER:**

9

10

11  **REQUEST NO. 5:**  Please produce a complete and legible copy of any communications you

12  received from Plaintiff and which you sent to Plaintiff.

13  **ANSWER:**

14

15

16

17

18

19

20

21

22            **PREFATORY INSTRUCTIONS TO REQUEST FOR ADMISSION**

23        The Justice Court Rules of Civil Procedure allow a party to send up to twenty-five (25)
   requests for admissions to another party. Each request must contain only one fact or one contention
24  to admit or deny. A request may inquire about whether a document is genuine or accurate. You
   must admit or deny each of these requests, unless you object to a request, in which case you must
25  state a reason for your objection. You may not object on the basis that you do not have knowledge
   or information concerning the request unless you have first made a reasonable inquiry to obtain
26  knowledge or information.
        You must provide your original response to requests under this rule to the party who sent
27  them to you, and you must provide a copy to every other party in the lawsuit. Responses to requests
28

for admissions are due forty (40) days from the date they are served, unless the requests were served with the summons and complaint, in which case your response is due within sixty (60) days after the date of service, or as ordered by the court.

If you do not respond to these requests for admissions by the date provided in this notice, your failure to respond may be considered as an admission of the requests.

## **DEFINITIONS**

When the terms "you," "Plaintiff" or "Defendant" are used, they are meant to include every individual party and include your agents, employees, your attorneys, your accountants, your investigators, anyone else acting on your behalf. Separate answers should be given for each person named as the party, if requested.

When the term "document" is used, it is meant to include every "writing", "recording" and "photograph' as those terms are defined in Rule 1001, Ariz.R.Evid. For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

>      (a)     the nature of the document (e.g., letter, memorandum, contract, etc.);

>      (b)     the author or sender of the document;

>      (c)     the recipient of the document;

>      (d)     the date the document was authored, sent, and/or received; and

>      (e)     the reason such document is allegedly privileged.

Where the term "contract" is used, it is meant to mean or to include the contract between the parties to this action that is the subject of the pleadings.

Where the terms "claim" or "claims" are used, they are meant to mean or to include a demand, cause of action or assertion for something due or believed to be due.

Where the terms "defense" or "defenses" are used, they are meant to mean or to include any justification, excuse, denial or affirmative defense in response to the opposing party's claim.

Where the term "negotiation(s)" is used, it is meant to mean or to include conversations, discussions, meetings, conferences and other written or verbal exchanges that relate to the contract.

Where the term "Audit Trail" is used, it is meant to mean or include a complete, detailed listing of each and every alteration, deletion, inquiry into, modification or other change to the credit report or profile as maintained in recorded form, in the broadest sense, by "you". The listing should include the identity, address, employer and title of the person(s) taking the action, the identity, address, employer and title of the person(s) authorizing the action, a detailed explanation of the action taken, the date of the action, the means used to effect such action, the location of origin of the action and the reason the action was taken.

Where the term "data" is used, it is meant to mean or include the physical symbols in the broadest sense that represent information, regardless of whether the information is oral, written or otherwise recorded.

"Identify" means that you should state:

(a) any and all names, legal, trade or assumed; AND

(b) all addresses used; AND

(c) all telephone and tele-fax numbers used.

"Person(s)" means any human being, sole proprietorship, limited partnership, partnership, association, group of human beings, other legal or de facto entity, or corporation, of whatever kind.

"Personal Identifiers" means a person's name or social security number or other unique data which identifies or is associated with a particular "person."

The term "Consumer Reporting Agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**   Admit that you, Defendant, inaccurately reported information related to Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 2:**   Admit that you, Defendant, failed to correct the inaccurate information you reported regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 3:**  Admit that you, Defendant, received a dispute regarding Plaintiff's account which is the subject of this suit.

☐ADMIT ☐DENY

**REQUEST FOR ADMISSION NO. 4:**   Admit that you, Defendant, failed to have systems in

1   place to accurately identify and relay all the pertinent details of the dispute to the party reporting

2   such information.

3           ☐ADMIT ☐DENY

4

5   **REQUEST FOR ADMISSION NO. 5:**   Admit that you, Defendant, failed to conduct a

6   reinvestigation regarding Plaintiff's disputed account which is the subject of this suit, after the

7   party reporting the incorrect information verified it through the ACDV.

8           ☐ADMIT ☐DENY

9

10   **REQUEST FOR ADMISSION NO. 6:**   Admit that you, Defendant, failed to have reasonable

11   systems in place to prevent a party that reports information, from automatically updating any

12   manually flagged accounts, once disputes have been submitted.

13           ☐ADMIT ☐DENY

14

15       Respectfully submitted this 14th day of April, 2017.

16

17                     MCCARTHY LAW, PLC

18                     By:
                    Devan E. Michael, Esq.

19                       Kevin Fallon McCarthy, Esq.
                    Attorney for Plaintiff(s)

20

21

22

23

24

25

26

27

28

# EXHIBIT B

## VERIFICATION

I, J. Neil Stuart, declare under penalty of perjury that the following is true and correct.

1.      I am an attorney with the law firm Cohen Dowd Quigley P.C., and have been admitted to practice law in the State of Arizona since 2011.  I am one of the attorneys for Defendant Trans Union, LLC ("Trans Union") in connection with the litigation captioned <u>Amberly Nealer and Micahel Nealer v. Wells Fargo Bank, National Association and Trans Union, LLC,</u> which is currently pending in the McDowell Mountain Justice Court of the State of Arizona in Maricopa Court, Case No. CC201707131RC (the "Litigation").  I am competent to testify to the matters contained in this Verification.

2.      The pleadings and other documents previously filed in the Litigation and contained in Exhibit A to Trans Union's Notice of Removal are true and complete copies of all pleadings and other documents filed in the Litigation.

EXECUTED this 16th day of May, 2017.

_____
J. NEIL STUART

# EXHIBIT
# C

1  Adam E. Lang (022545)
2  Jenny J. Winkler (019032)
   SNELL & WILMER
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona  85004-2202
4  Telephone:  602.382.6000
   Facsimile:  602.382.6070
5  E-Mail:  alang@swlaw.com
                jwinkler@swlaw.com
6  Attorneys for Defendant

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE DISTRICT OF ARIZONA**

10

| | |
|---|---|
| AMBERLY NEALER and MICHAEL NEALER, | Case No. _____ |
| Plaintiffs, | **WELLS FARGO'S JOINDER IN AND CONSENT TO REMOVAL** |
| v. | |
| WELLS FARGO BANK, NATIONAL ASSOCIATION AND TRANS UNION LLC, | (Removed from McDowell Mountain Justice Court, Maricopa County, Case No. CC2017071316RC) |
| Defendants. | |

Without waiving any of its defenses or any other rights, Defendant Wells Fargo Bank, National Association ("Wells Fargo") hereby consents to the notice of removal of this action from the McDowell Mountain Justice Court, Maricopa County, State of Arizona, wherein it is now pending, to the United States District Court for the District of Arizona.  Removal of this action is proper for the reasons set forth in the Notice of Removal and Exhibits thereto filed by Co-Defendant Trans Union LLC. Wells Fargo first received a copy of the Summons and Complaint, the initial pleading setting forth the claim for relief upon which this action is based, on April 26, 2017.

/ / /

/ / /

/ / /

4848-5161-7352.1

RESPECTFULLY SUBMITTED this 16th day of May, 2017.

SNELL & WILMER

By:/s/Jenny J. Winkler
Adam E. Lang
Jenny J. Winkler
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Attorneys for Defendant Wells Fargo
Bank, N.A.